UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN SELWYN PEDRO,

                Movant,

       -against-

UNITED STATES OF AMERICA,

                Respondent.

22-CV-9387 (SHS)

03-CR-0346-1 (SHS)

ORDER

SIDNEY H. STEIN, United States District Judge:

    Movant Martin Selwyn Pedro, who is currently incarcerated at the United States Penitentiary – High Security in Florence, Colorado, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the legality of his sentence entered in *United States v. Pedro*, No. 03-CR-0346 (S.D.N.Y. Apr. 23, 2004). For the following reasons, the application is designated as a motion under 28 U.S.C. § 2255.

### DESIGNATION OF APPLICATION AS MOTION UNDER 28 U.S.C. § 2255

    Pedro's application must be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to vacate his conviction and sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). Pedro brings this challenge to his conviction and sentence as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, invoking the "savings clause" of 28 U.S.C. § 2255(e). In limited circumstances, a petitioner may bring a Section 2241 petition under the savings clause if a Section 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). Pedro argues that Section 2255 is unavailable because (1) his motion is second or successive and therefore he requires permission to file from the Court of Appeals, and (2) his

motion is untimely because he filed it more than one year after his amended judgment was entered. Pedro is incorrect in both his arguments.

First, Pedro's Section 2255 motion is not second or successive because it challenges an amended judgment rather than the same judgment that his prior Section 2255 motions challenged. *See Magwood v. Patterson*, 561 U.S. 320, 331-34 (2010) (holding that a Section 2254 petition challenging an amended judgment is not second or successive to petition challenging original judgment); *Johnson v. United States*, 623 F.3d 41, 45-46 (2d Cir. 2010) (extending *Magwood* to motions under Section 2255 even where the later motion challenges the original, undisturbed conviction on grounds that could have been raised in the earlier motion); *see also Mills v. Lempke*, No. 11-CV-0440 (MAT), 2012 WL 1574749, at *6-8 (W.D.N.Y. May 3, 2012) (Section 2254 petition, filed after state court amended sentence, was not successive even though it contained claims that had been raised and rejected in this first *habeas* petition).

Second, Pedro is correct that this Section 2255 motion was filed more than one-year after his amended judgment became final. However, Section 2255(f), which prescribes the one-year limitations period, states that the limitations period shall run from the latest of four dates, one of which is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Here, Pedro relies on a right first recognized by the Supreme Court in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which was decided on June 21, 2022. While neither Supreme Court nor the Second Circuit has yet addressed the issue of whether *Taylor* can be applied retroactively on collateral review, some district courts have suggested that it can be. *See, e.g.*, *United States v. Craig*, No. 1:14-CR-0032 (MW) (HTC), 2022 WL 1413717, at *2 n.4 (N.D. Fla. Sept. 26, 2022) ("*Taylor* would be retroactively applicable to a

challenge to [a] . . .§ 924(c) sentence, because in that context the case would be a new substantive rule under *Teague* [*v. Lane*, 489 U.S. 288 (1989)]."), *report and recommendation adopted*, 2022 WL 14151821 (N.D. Fla. Oct. 24, 2022); *Hartsfield v. United States*, --- F. Supp. 3d ----, 2022 WL 4295979 (S.D. Fla. Sept. 19, 2022) (relying on *Taylor* to reverse a § 924(c) conviction because after Taylor the defendant had no predicate crime of violence). Moreover, district courts in this Circuit have held that decisions similar to *Taylor*, such as *United States v. Davis*, 139 S. Ct. 2319 (2019), apply retroactively on collateral review.[1] *See, e.g.*, *Bonilla v. United States*, No, 07-CR-0096, 2020 WL 489573 *3 (E.D.N.Y. Jan. 29, 2020) ("[I]t seems plain to this Court that taken together, the Supreme Court's holdings in *Davis* and [*Welch v. United States*, 136 S. Ct. 1257 (2016)] necessarily dictate that *Davis* has been made retroactively applicable to criminal cases that became final before *Davis* was announced." (internal quotation marks omitted)); *United States v. Rodriguez*, No. 94-CR-313, 2020 WL 1878112, at *17 (S.D.N.Y. Apr. 15, 2020) (listing other cases).[2]

Because Pedro seeks to vacate his conviction and sentence, and Section 2255 is adequate and available to challenge his conviction, the Court construes his Section 2241 petition as a motion for relief under Section 2255. If Pedro does not want to pursue relief under Section 2255, he may notify the Court in writing within 60 days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584

---

[1] The case on which *Davis* was based, *Johnson v. United States*, 576 U.S. 591 (2015), has been found by the Supreme Court to apply retroactively to cases on collateral review. *See Welch v. United States*, 578 U.S. 120 (2016).

[2] The Fifth, Sixth, Tenth, and Eleventh Circuits have held that *Davis* does apply retroactively. *See In re: Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020); *United States v. Reece*, 938 F.3d 630, 633-35 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1097-1101 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1036-39 (11th Cir. 2019).

(2d Cir. 1998) (per curiam). Pedro will have one opportunity within the limitations period for a full adjudication of his claims. If Pedro does not inform the Court of his intent within 60 days, the application will remain designated as a motion under 28 U.S.C. § 2255.

## CONCLUSION

The Court finds that this submission, notwithstanding its designation, should be construed as a motion pursuant to 28 U.S.C. § 2255. If Pedro does not want to pursue relief under Section 2255, he may notify the Court in writing within 60 days that he wishes to withdraw his motion. If Pedro does not inform the Court of his intent within 60 days, the Court will construe this motion as a Section 2255 motion. No answer shall be required at this time.

The Clerk of Court is directed to substitute the United States of America as the Respondent on the docket and short caption of the civil case, No. 22-CV-9387.

Because Pedro has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 30, 2022
New York, New York

_____
SIDNEY H. STEIN
United States District Judge